IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREMANTLEMEDIA NORTH AMERICA, INC., | § § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| BENELUX CORPORATION and ATHANASES STAMATOPOULOS, | § § § | **Jury Trial Demanded** |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

FremantleMedia North America, Inc. ("Fremantle" or "Plaintiff") files this its Original Complaint against Benelux Corporation and Athanases Stamatopoulos (collectively "Defendants") and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff FremantleMedia North America, Inc. is a Delaware corporation with its principal place of business in Santa Monica, California.

2. Defendant Benelux Corporation is a corporation organized under the laws of the State of Texas and doing business in the State of Texas. Defendant Benelux Corporation has its principal place of business in Austin, Texas. Benelux Corporation may be served with process through its registered agent, Athanases Stamatopoulos located at Gaines Mill Cove, Austin, Texas 78745.

3. Defendant Athanases Stamatopoulos is an individual residing in Travis County, Texas and is the sole owner and director of Defendant Benelux Corporation. Defendant Athanases Stamatopoulos may be served with process at Gaines Mill Cove, Austin, Texas 78745.

## II.
## JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action involves federal trademark rights, federal Lanham Act violations, and other federal causes of action.

5. This Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states wherein the amount in controversy is believed to exceed the sum of $75,000, exclusive of interest and cost. Plaintiff is a Delaware corporation with its principal place of business in Santa Monica, California. Defendants are residents of the State of Texas and are doing business in Texas. Defendants also do business in Travis County, Texas, and a substantial part Defendants' acts and conduct giving rise to the claims herein occurred in Travis County, Texas.

## III.
## FACTUAL BACKGROUND

6. The mark AMERICAN IDOL is a federally registered trademark owned by FremantleMedia. For example, FremantleMedia owns U.S. Trademark Registration No. 2,715,725 for the stylized mark AMERICAN IDOL issued May 13, 2003, for entertainment services in the nature of a continuing television talent show and U.S. Trademark Registration No. 2,751,431 for the word mark AMERICAN IDOL issued August 12, 2003 for entertainment services in the nature of a continuing television talent show. Copies of U.S. Trademark Registration No. 2,715,725 and U.S. Trademark Registration No. 2,751,431 are attached hereto

2

as Exhibits A and B, respectively. U.S. Trademark Registration No. 2,715,725 and U.S. Trademark Registration No. 2,751,431 are valid, subsisting, and in full force and effect.

7. In addition, FremantleMedia owns over 40 other pending federal trademark applications or issued federal trademark registrations for the mark AMERICAN IDOL including, but not limited to, U.S. Trademark Registration Nos. 3,142,771; 3,101,422; 2,863,808; 2,951,733; 2,955,077 (stylized); 2,959,920; 3,037,638; 3,062,247 (stylized); 3,064,528; 3,114,786; 3,146,138 (stylized); 3,181,455; 3,204,113; 3,257,662; 3,295,322; 3,319,294; 3,330,238; 3,330,275; 3,342,055; 3,353,040; 3,416,143; 3,350,013; 3,353,263; 3,357,980; 3,366,823.

8. The trademark AMERICAN IDOL® is associated exclusively with FremantleMedia for use in connection with entertainment services directed to talent competitions. FremantleMedia has used the trademark AMERICAN IDOL® in interstate commerce continuously since at least 2002. As a result of FremantleMedia's marketing of its products and services and the extensive advertising and other business generation efforts to promote the trademark AMERICAN IDOL®, FremantleMedia's television talent show "American Idol," has met with great success resulting in the trademark AMERICAN IDOL® becoming well-known and famous in the Austin metropolitan area, the State of Texas, the United States, and globally as identifying FremantleMedia's entertainment services. Consequently, FremantleMedia has developed substantial recognition among the consuming public for its high quality entertainment services offered in connection with its trademark AMERICAN IDOL® and has acquired and enjoys a valuable reputation and significant goodwill associated with its trademark AMERICAN IDOL® and services provided in connection with its trademark AMERICAN IDOL®.

9. FremantleMedia's use of the trademark AMERICAN IDOL® in the entertainment services industry has been exclusive. As a result of this exclusive use of the trademark AMERICAN IDOL® and the long and widespread use that has been made by FremantleMedia of the trademark AMERICAN IDOL®, there is substantial recognition and association of the trademark AMERICAN IDOL® with FremantleMedia by the public.

10. Defendants operate a sexually oriented business under the name Palazio Men's Club. This business is generally referred to as a "gentlemen's club" at which women remove off their clothes while dancing to music. These women are referred to by Defendants as "strippers." Defendant Benelux Corporation is the owner of the Palazio's Men's Club and Defendant Athanases Stamatopoulos is the sole owner and officer of Defendant Benelux Corporation. Accordingly, all decisions regarding the operation of Palazio Men's Club, including decisions regarding advertisements and promotions of events held at Palazio Men's Club are made, on information and belief, solely by Defendant Athanases Stamatopoulos.

11. FremantleMedia recently learned that Defendants were and currently are promoting a "stripper" talent contest at which the "winner" receives a prize of $500.00. As part of the promotion of this contest, Defendants use the term "Stripper Idol." In addition to using the words, Defendants appropriated FremantleMedia's AMERICAN IDOL logo shown in U.S. Trademark Registration No. 2,715,725 (Exhibit A hereto), including the color scheme, design, and font, to promote their stripper talent contest. Attached hereto as Exhibit C is an example of Defendants' infringing advertisement.

12. By using a mark that is confusingly similar to FremantleMedia's mark AMERICAN IDOL® in association with its "stripper talent contest," Defendants are infringing upon FremantleMedia's trademark rights. Given the similarity of Defendants' promotional term

"Stripper Idol," both alone and together as part of a logo (Exhibit C hereto), there is a substantial likelihood that consumers will be confused, misled or deceived as to the sponsorship, affiliation, association, or connection of Defendants' stripper talent contest.

13. Moreover, Defendants' infringing use of FremantleMedia's mark AMERICAN IDOL® is being used in connection with a business enterprise that tarnishes the reputation and, thus, diminishes the value of FremantleMedia's mark AMERICAN IDOL®. Accordingly, Defendants' promotion of its "stripper talent contest" by using a term confusing similar to FremantleMedia's mark AMERICAN IDOL® is diluting the value of FremantleMedia's mark AMERICAN IDOL® and damaging the goodwill and high quality reputation of FremantleMedia's AMERICAN IDOL® branded services and products.

14. Upon learning of Defendants' violation of FremantleMedia's rights, FremantleMedia sent a letter to Defendant Benelux Corporation demanding that Defendants immediately cease their illegal activity. Defendant Benelux Corporation's representative, Scott Stevenson, responded and informed FremantleMedia that the infringement would not stop. Thereafter, FremantleMedia sent a second letter again demanding that Defendants cease their infringing activity. Defendants did not respond to FremantleMedia's second letter, however, a review of Defendant Benelux Corporation's website located at URL http://www.palaziomensclub.com confirms that Defendants continue to infringe upon FremantleMedia's trademark rights.

## IV.
## CAUSES OF ACTION

### COUNT I - TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION UNDER THE LANHAM ACT

15. FremantleMedia repeats and realleges the allegations set forth in paragraphs 1-14.

16. Defendants' improper use of, and promotion of a "stripper" competition under, a mark confusingly similar to FremantleMedia's mark AMERICAN IDOL®, as well as Defendants' use of a logo that is virtually identical in color, design, and font is confusing to consumers and constitutes infringement of FremantleMedia's trademark rights in violation of the Lanham Trademark Act ("Lanham Act"). Defendant's unauthorized use of FremantleMedia's marks violates Section 43 of the Lanham Act which prohibits the use of a trademark by Defendants in such a manner as is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with FremantleMedia or as to the origin, sponsorship or approval of Defendants' products by FremantleMedia. *See* 15 U.S.C. § 1125. Defendants' use of the mark AMERICAN IDOL® also violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion. *See* 15 U.S.C. § 1114.

17. Defendants are currently promoting and advertising Defendants stripper competition under FremantleMedia's registered and common law trademarks without the consent of FremantleMedia and will continue to do so unless enjoined from doing so by this Court. If Defendants are permitted to continue to promote its services in this manner, FremantleMedia's goodwill created by its marks AMERICAN IDOL® are placed in jeopardy. The continuing acts of Defendants are jeopardizing the goodwill of FremantleMedia and its valuable trademarks, and such acts have caused and are causing irreparable injury to FremantleMedia and to the consuming public. Unless the acts of the Defendants complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FremantleMedia and to the public, for which there is no adequate remedy at law. Accordingly, FremantleMedia seeks injunctive relief prohibiting the infringing acts by Defendants complained of herein.

18. Additionally or in the alternative, FremantleMedia seeks an accounting and its actual and consequential damages resulting from Defendants' infringing acts. Moreover, FremantleMedia seeks punitive, additional, and enhanced damages from Defendants.

## COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

19. FremantleMedia repeats and realleges the allegations set forth in paragraphs 1-18.

20. The acts of Defendants complained of above constitute trademark infringement and unfair competition under federal law, the common law of the State of Texas, and statutory law of the State of Texas. As a result of the infringement and unfair competition by Defendants, FremantleMedia has suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of infringement by Defendants have resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Such acts of trademark infringement and unfair competition are causing harm to FremantleMedia.

21. The continuing acts of Defendants are jeopardizing the goodwill of FremantleMedia and its valuable trademarks, and such acts have caused and will continue to cause irreparable injury to FremantleMedia and to the consuming public. Unless the acts of the Defendants complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FremantleMedia and to the public, for which there is no adequate remedy at law.

22. Additionally or in the alternative, FremantleMedia seeks an accounting and its actual and consequential damages as a result of Defendants' infringing acts which have resulted in confusion among the public. Moreover, FremantleMedia seeks punitive and enhanced damages for Defendants' willful conduct.

## COUNT IV - TRADEMARK DILUTION UNDER TEXAS LAW

23. FremantleMedia repeats and realleges the allegations set forth in paragraphs 1-22.

24. The facts set out above demonstrate that Defendants are diluting the exclusivity and distinctiveness of FremantleMedia's mark AMERICAN IDOL in violation of the Texas Anti-Dilution Act. Defendants' unauthorized use of FremantleMedia's mark AMERICAN IDOL® constitutes a dilution of FremantleMedia's mark AMERICAN IDOL® and injures FremantleMedia's business reputation, in violation of TEX. BUS. & COM. CODE § 16.29.

25. As a result of the dilution by Defendants, FremantleMedia has suffered, and is suffering, injury and damage in an amount yet to be determined. Upon information and belief, the acts of dilution by Defendants have resulted in and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. FremantleMedia seeks injunctive relief to prevent this type of injury from continuing. Additionally or in the alternative, FremantleMedia seeks an accounting and damages.

## COUNT V - REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

26. FremantleMedia repeats and realleges the allegations set forth in paragraphs 1-25.

27. The acts of Defendants complained of above have resulted in trademark infringement and unfair competition. Accordingly, Pursuant to 15 U.S.C. § 1117(a), FremantleMedia is entitled to recover 1) Defendants' profits; 2) any damages sustained as a result of Defendants' infringing acts; and 3) the costs associated with these causes of action.

28. Moreover, FremantleMedia is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating

circumstances of this case, Defendants' intentional use of FremantleMedia's trademarks, and its gross, wanton, or willful conduct.

29.     Furthermore, as a result of Defendants' actions, FremantleMedia has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights. These fees and expenses are necessary and reasonable in order to prosecute this matter. Accordingly, FremantleMedia requests that it be granted an award of attorneys' fees and costs as a result of Defendants' actions as permitted under 15 U.S.C. § 1117(a).

## DEMAND FOR JURY TRIAL

30.     FremantleMedia demands a trial by jury on all claims and issues.

## CONCLUSION AND PRAYER

WHEREFORE, FremantleMedia North America, Inc. prays for entry of judgment:

a.  finding that Defendants have infringed FremantleMedia North America, Inc.'s trademark rights in the mark AMERICAN IDOL®, including, but not limited to, U.S. Trademark Registration No. 2,715,725 and U.S. Trademark Registration No. 2,751,431;

b.  finding that Defendants have infringed FremantleMedia North America, Inc.'s common law trademark rights in the mark AMERICAN IDOL®;

c.  finding that Defendants have falsely and intentionally mislead consumers by directly or indirectly representing that Defendants' infringing services are endorsed by, sponsored by, or affiliated with FremantleMedia North America, Inc.;

d.  finding that Defendants have engaged in unfair competition;

e.  enjoining Defendants, their officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of the marks AMERICAN IDOL®, including, but not limited to, U.S. Trademark Registration No. 2,715,725 and U.S. Trademark Registration No. 2,751,431, or unfair competition;

f.  awarding FremantleMedia North America, Inc. all damages caused by the acts of Defendants and all profits of Defendants from acts complained of, and/or all costs

to FremantleMedia North America, Inc. caused by Defendants' activities complained of herein;

g. trebling the damages and profits awarded to FremantleMedia North America, Inc. as authorized by 15 U.S.C. § 1117;

h. granting FremantleMedia North America, Inc. pre-judgment and post-judgment interest on the damages caused to FremantleMedia North America, Inc. by reasons of Defendants' activities complained of herein at the highest rates allowed by law;

i. finding that this is an exceptional case and awarding FremantleMedia North America, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

j. awarding costs to FremantleMedia North America, Inc.; and

k. awarding FremantleMedia North America, Inc. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Respectfully submitted,

GREENBERG TRAURIG LLP

Dated: December 15, 2008

By: _____
Anthony Matheny
Attorney-In-Charge
State Bar No. 24002543
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3583
Facsimile: (713) 754-7583

ATTORNEYS FOR PLAINTIFF
FREMANTLEMEDIA NORTH
AMERICA, INC.