# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| FREMANTLEMEDIA<br>NORTH AMERICA, INC., | §<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 1:08-cv-0908 |
| BENELUX CORPORATION and<br>ATHANASES STAMATOPOULOS, | §<br>§<br>§ | **Jury Trial Demanded** |
| Defendants. | §<br>§ | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(2) AND 12(b)(6)

FremantleMedia North America, Inc. ("FremantleMedia" or "Plaintiff") files this its Response In Opposition to Defendants' Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) and would respectfully show the Court as follows:

## I.
### NATURE AND STAGE OF PROCEEDINGS

This is an action for trademark infringement, unfair competition, and trademark dilution arising out of the use of FremantleMedia's federally registered marks IDOL® and AMERICAN IDOL® by Defendants Benelux Corporation ("Benelux") and Athanases Stamatopoulos ("Stamatopoulos") (collectively "Defendants") as part of Defendants' "Stripper Idol" contest. See Plaintiff's Original Complaint (Doc. #1) ("Complaint"). In response to FremantleMedia's Complaint, Defendants filed Defendants' Original Answer ("Answer") (Doc. # 3) that also contained a "motion to dismiss." As part of their motion, Defendants alleged that the Complaint should be dismissed under FED. R. CIV. P. 12(b)(2) and 12(b)(6) as against Stamatopoulos because Stamatopoulos "avers that at all times relevant to Plaintiff's stated cause of action, he

acted solely in his capacity as an officer and representative of Benelux Corporation and conducted no acts or omissions with respect to Plaintiff in his individual capacity." Defendants' Answer, ¶ 1. Alternatively, Stamatopoulos seeks a more definitive statement as to his personal liability. *Id*. In addition, Defendants seek to dismiss all of the claims in FremantleMedia's Complaint pursuant to FED. R. CIV. P. 12(b)(6) because Defendants "aver that no reasonable patron of Palazio Men's Club would believe that American Idol sponsored stripping contests at Defendants' venue or had anything to do with Palazio's stripper idol contests." Defendants' Answer, ¶ 2.

No discovery has taken place in this action, the parties have yet to confer on a discovery plan as required by FED. R. CIV. P. 26, and the Court has not yet set its initial scheduling conference.

## II.
### ARGUMENT AND AUTHORITIES

**A. Stamatopoulos' Motion to Dismiss Pursuant to Rule 12(b)(2) is Baseless**

Stamatopoulos "moves to dismiss Plaintiff's causes of action against him pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure" because he "avers" that all of his acts were made as an officer or representative of Benelux. Answer, ¶ 1. This statement in the Answer is the sole basis for raising FED. R. CIV. P. 12(b)(2) as part of the motion to dismiss. Stamatopoulos submits no other argument, authority, or evidence, that this Court lacks personal jurisdiction over him. Nor could he because Stamatopoulos admits in Defendants' Answer that this Court does, in fact, have personal jurisdiction over him. Answer, ¶ 3 ("Subject to the above presented Motion To Dismiss, Defendants admit the allegations stated in paragraphs 1-3 of Plaintiff's Original Petition [sic]"); Complaint, ¶ 3 ("Defendant Athanases Stamatopoulos is an individual residing in Travis County, Texas and is the sole owner and director of Defendant

Benelux Corporation. Defendant Athanases Stamatopoulos may be served with process at Gaines Mill Cove, Austin, Texas 78745."); and Answer, ¶ 5 ("Defendants admit the allegations stated in paragraphs 4-5 of Plaintiff's Original Petition [sic], except Defendants deny that any of their acts and conduct gave rise to any cause of action alleged by Plaintiff."); Complaint, ¶ 4 ("Defendants' are residents of the State of Texas and are doing business in Texas. Defendants also do business in Travis County, Texas, and a substantial part [of] Defendants' acts and conduct giving rise to the claims herein occurred in Travis County, Texas.").

In light of the admitted facts that (1) Stamatopoulos is a resident of Travis County, Texas, (2) he does business in Travis County, Texas, and (3) the allegations giving rise to FremantleMedia's claims in its Complaint arose in Travis County, Texas, together with the complete lack of any other allegation, legal authority, or evidence that this Court lacks personal jurisdiction over him, FremantleMedia respectfully submits that it has sufficiently established in its Complaint that this Court has personal jurisdiction over Stamatopoulos. Accordingly, Stamatopoulos' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) should be denied.

**B.    Defendants' Motion to Dismiss for Failure to State a Claim is Also Baseless**

1.    <u>Standard for Dismissal Under Rule 12(b)(6)</u>

Motions to dismiss for failure to state a claim are disfavored in the law, and a court will only rarely encounter circumstances which justify granting such a motion. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). The stringent standard applied under a Rule 12(b)(6) motion mirrors the liberal pleading requirements of FED. R. CIV. P. 8, which allows for notice pleading, and which requires that pleadings be liberally construed as "to do substantial justice." *Mahone*, 836 F.2d at 926 (quoting FED. R. CIV. P. 8(f)).

To defeat a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965; *In re Katrina*, 495 F.3d at 205. In addition to accepting all well-pleaded facts in the complaint as true and viewing them in the light most favorable to the plaintiff, *Twombly*, 127 S.Ct. at 1965; *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007), the court is prohibited from looking beyond the pleadings which only include the complaint and any documents attached to it, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Based on the foregoing standard for dismissals under Rule 12(b)(6), Defendants' motion must fail.

2. Corporate Officers, Owners, and Employees Can Be Found Liable for Torts, Including Trademark Infringement, Trademark Dilution, and Unfair Competition

For over forty years, Fifth Circuit precedent has held that corporate officers and employees may be held liable for torts such as trademark infringement. *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) (the fact that the infringing individuals are acting for a corporation does not absolve them of responsibility). In *Mead*, the trademark owner appealed the dismissal of its claims for trademark infringement brought against the individual defendants who were either stockholders, officers, or the general manager of the corporate defendant. *Id*. at 20. In reversing the dismissal, the Fifth Circuit stated:

> The appellant also complains of the dismissal of the case against the individual defendants. Appellees seem to support this position on the ground that to hold the individuals liable for the actions of

> the corporation would require a 'piercing of the corporate veil.' In point of fact appellees have the cart before the horse. There can be no doubt but that a trademark, like a patent, can be infringed by an individual. It is infringed when an individual performs the act or does the things that the patent or trademark law protects against. The fact that the persons thus acting are acting for a corporation also, of course, may make the corporation liable under the doctrine of respondeat superior. It does not relieve the individuals of their responsibility. Obviously here if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done.

*Id*. at 23; *see also Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996); *Chanel, Inc. v. Italian Activewear of Florida, Inc*., 931 F.2d 1472, 1477-78 (11th Cir. 1991); *Polo Fashions, Inc. v. Craftex, Inc*., 816 F.2d 145, 149 (4th Cir. 1987); *Donsco, Inc. v. Casper Corp*., 587 F.2d 602, 606 (3d Cir. 1978); *Bynari, Inc. v. Alt-N- Tech., Ltd*., 2008 WL 4790977 *7 (N.D. Texas) (denying motion to dismiss)[1]; *Oilfield Equip. Marketing, Inc. v. New Tech Sys., Inc*., 2006 WL 870607 *1 (W.D. Tex.) (denying motion to dismiss)[2]; *Taylor Made Golf Co., Inc. v. MJT Consulting Group*, LLC, 265 F.Supp.2d 732, 746-47 (N.D. Tex. 2003); *Derrick Mfg. Corp. v. Southwestern Wire Cloth, Inc*., 1995 WL 17217153 *1 (S.D. Tex.).[3]

In the Complaint, FremantleMedia alleges that Stamatopoulos is personally liable for violating FremantleMedia's rights because he is the sole owner and officer of Benelux. Complaint, ¶¶ 3, 10. Because corporations can only act through the direction of individuals, *Mead*, 402 F.2d at 23, any acts of Benelux are directly attributable to the sole owner and officer, as well as any other employees of Benelux who are also actively and knowingly involved in

---

[1] For the convenience of the Court, a copy of *Bynari, Inc. v. Alt-N- Tech., Ltd*., 2008 WL 4790977 (N.D. Texas) is attached hereto as Exhibit A.

[2] For the convenience of the Court, a copy of *Oilfield Equip. Marketing, Inc. v. New Tech Sys., Inc*., 2006 WL 870607 (W.D. Tex.) is attached hereto as Exhibit B.

[3] For the convenience of the Court, a copy of *Derrick Mfg. Corp. v. Southwestern Wire Cloth, Inc*., 1995 WL 17217153 (S.D. Tex.) is attached hereto as Exhibit C.

directing, facilitating, and/or allowing Benelux to violate FremantleMedia's trademark rights. As alleged in the Complaint, Stamatopoulos is actively involved in Benelux's adoption and use of the term "Stripper Idol." Therefore, FremantleMedia has sufficiently alleged that Stamatopoulos is personally liable for violation of FremantleMedia's rights. Accordingly, Stamatopoulos' motion to dismiss him from this action should be denied.[4]

3.  Stamatopoulos' Motion for More Definitive Statement Should Be Denied

Motions for more definite statement are generally disfavored. *Austin v. Hood County*, 3:06-CV-1997-D, 2007 WL 631278 *4 (N.D. Tex. March 1, 2007).[5] Such motions should only be granted if the complaint is so vague or ambiguous that a party cannot reasonably frame a responsive pleading. *Sisk v. Texas Park & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981); FED. R. CIV. P. 12(e). And, if a party can obtain the desired information through discovery, the motion should be denied. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132-33 (5th Cir. 1959). Moreover, such motions are properly denied where the Defendant has, in fact, filed a responsive pleading. *Ybarra v. Wal-Mart Stores, Inc.*, EP-06-CV-264-PRM, 2006 WL 4659837 *1 (W.D. Tex. October 10, 2006).[6] As set out above, FremantleMedia has alleged sufficient unambiguous facts to support its claims against Stamatopoulos, *and* Defendants have filed their answer to those allegations. Accordingly, FremantleMedia's Complaint is not vague or

---

[4] Although FremantleMedia currently has not alleged facts seeking to hold any other owner, officer, director, or employee of Benelux individually liable for violation of FremantleMedia's trademark rights, FremantleMedia reserves its rights to amend its Complaint to seek a finding of such liability in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and any order issued by this Court, should such facts become known during discovery.

[5] For the convenience of the Court, a copy of *Austin v. Hood County*, 3:06-CV-1997-D, 2007 WL 631278 (N.D. Tex. March 1, 2007) is attached hereto as Exhibit D.

[6] For the convenience of the Court, a copy of *Ybarra v. Wal-Mart Stores, Inc.*, EP-06-CV-264-PRM, 2006 WL 4659837 (W.D. Tex. October 10, 2006) is attached hereto as Exhibit E.

ambiguous such that Stamatopoulos cannot file a responsive pleading. Therefore, Stamatopoulos' motion for a more definitive statement should be denied.

    4.    <u>FremantleMedia has Sufficiently Alleged Claims for Trademark Infringement</u>

The elements of federal and state claims of trademark infringement are (1) ownership of a legally protectable mark and (2) infringement of the mark by showing a likelihood of confusion. *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Horseshoe Bay Resort Sales Co., v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 (Tex.App.–Austin 2001). Moreover, "one who adopts a mark similar to another already established in the marketplace does so at its peril . . . All doubts must be resolved against him." *McGraw-Edison Co. v. Walt Disney Productions*, 787 F.2d 1163, 1167 (7th Cir. 1986); *Beer Nuts, Inc. v. Clover Club Foods, Co.*, 711 F.2d 934, 941 (10th Cir. 1983).

As set forth in the Complaint, FremantleMedia alleges that it is the owner of 28 federal registrations for the mark AMERICAN IDOL®. Complaint, ¶¶ 6-7. Defendants admit these allegations. Answer, ¶ 5. Federal registration is "*prima facie* evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration." 15 U.S.C. § 1115(a). Thus, the first element of FremantleMedia's claims for trademark infringement has been sufficiently alleged in the Complaint.

In addition, FremantleMedia expressly alleges that Defendants were and currently are promoting a "stripper" talent contest using the term "Stripper Idol." Complaint, ¶ 11. In addition to using the words, Defendants appropriated FremantleMedia's AMERICAN IDOL logo shown in U.S. Trademark Registration No. 2,715,725, including the color scheme, design,

and font, used by FremantleMedia to promote their "Stripper Idol" contest. *Id*. Given the similarity of Defendants' promotional term "Stripper Idol," both alone and together as part of a logo, adopted well after FremantleMedia's first use of the mark, there is a substantial likelihood that consumers will be confused, misled or deceived as to the sponsorship, affiliation, association, or connection of Defendants' "Stripper Idol" contest. Complaint, ¶¶ 12, 19-22. Therefore, the second element of FremantleMedia's claims for trademark infringement also has been sufficiently alleged in the Complaint.

Because FremantleMedia has sufficiently alleged each element of its federal and state law claims for trademark infringement, Defendants' motion to dismiss FremantleMedia's trademark infringement claims should be denied.

    5.        FremantleMedia Has Sufficiently Plead Its Claims for
             Unfair Competition Under State and Federal Law

The elements for a finding of unfair competition under 15 U.S.C. § 1125(a) and Texas common law are identical to the elements for establishing trademark infringement. *See Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985) ("As a general rule, the same facts which would support an action for trademark infringement would also support an action for unfair competition."), *citing Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975).

As demonstrated above with respect to FremantleMedia's claims for trademark infringement, Defendants are engaging in unfair competition in violation of both federal law and Texas law. Accordingly, Defendants' motion to dismiss FremantleMedia's federal and state law claims for unfair competition should be denied for the same reasons as set forth above with respect to FremantleMedia's claims for trademark infringement.

6. FremantleMedia Has Sufficiently Plead Its Claims for Dilution

Allegations of a dilution claim under TEX. BUS. & COMM. CODE § 16.29 include (1) ownership of a distinctive mark and (2) a likelihood of dilution. *Horseshoe Bay*, 53 S.W.3d at 811. The owner of a trademark may obtain relief under Section 16.29 if there is a likelihood of dilution due to either "blurring" or "tarnishing." *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1081 (5th Cir. 1997). A trademark may be "tarnished" from another's use of it in a manner that tarnishes or appropriates the goodwill and reputation associated with the name. *Id.* at 1084.

FremantleMedia owns distinctive marks as supported by FremantleMedia's allegations of its federal trademark registrations for the mark AMERICAN IDOL®. Complaint, ¶¶ 6-9; 15 U.S.C. § 1115(a). Thus, FremantleMedia has sufficiently alleged the first element of its dilution claim.

In addition, FremantleMedia alleges that Defendants' infringing use of FremantleMedia's mark AMERICAN IDOL® is being made in connection with a business enterprise that tarnishes the reputation and, thus, diminishes the value of FremantleMedia's mark AMERICAN IDOL®. Complaint, ¶ 13. FremantleMedia further alleges that Defendants' promotion of its "Stripper Idol" contest by using a term adopted well after FremantleMedia's mark became distinctive and famous is diluting the value of FremantleMedia's mark AMERICAN IDOL® and damaging the goodwill and high quality reputation of FremantleMedia's AMERICAN IDOL® branded services and products. *Id.*, ¶¶ 13, 23-25. As is apparent from the allegations in the Complaint, an adult-oriented business using the term "Stripper Idol," which is substantially identical to FremantleMedia's federally registered marks, denigrates the goodwill associated with FremantleMedia's mark AMERICAN IDOL® by associating strip clubs and nudity with

FremantleMedia's mark. Thus, Defendants' use of "Stripper Idol" both tarnishes FremantleMedia's mark AMERICAN IDOL® and undermines and lessens the distinctive qualities and goodwill established by FremantleMedia with respect to its mark.

Because FremantleMedia has sufficiently alleged each element of its dilution claim under TEX. BUS. & COMM. CODE § 16.29, Defendants' motion to dismiss FremantleMedia's dilution claim should be denied.[7]

### III.
#### CONCLUSION

For the foregoing reasons, FremantleMedia North America, Inc. respectfully requests that Defendants Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) be denied in its entirety and that FremantleMedia North America, Inc. be granted all other relief, in law and equity, to which it is entitled to receive.

Respectfully submitted,

**GREENBERG TRAURIG LLP**

Dated: February 6, 2009   By:   /Anthony F. Matheny/
Anthony Matheny
Attorney-In-Charge
State Bar No. 24002543
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3583
Facsimile: (713) 754-7583

ATTORNEYS FOR PLAINTIFF
FREMANTLEMEDIA NORTH
AMERICA, INC.

---

[7] Although FremantleMedia submits that its Complaint sufficiently alleges facts to support a finding of Defendants' liability for violation of FremantleMedia's rights, should the Court find that additional allegations are warranted, or desired, FremantleMedia requests the opportunity to file an amended Complaint to more fully allege its allegations against Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2009, a true and correct copy of the foregoing Plaintiff's Response In Opposition to Defendants' Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) was served through the Court's ECF System on the following:

James W. George
Law Offices of James W. George
901 South Mopac Expressway
Barton Oaks Plaza One, Suite 300
Austin, Texas 78746

/Anthony F. Matheny/
Anthony F. Matheny